# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| MCK MILLENNIUM CENTRE PARKING, LLC, | ) ) | Honorable Jacqueline P. Cox |
| | ) | Case No. 12 B 24676 |
| Debtor. | ) | |
| | ) | Hearing: March 23, 2016 at 9:30 a.m. |
| | ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on March 23, 2016 at 9:30 a.m., the undersigned shall appear before the Honorable Jacqueline P. Cox in Courtroom 644, or whomever may be sitting in her place and stead, at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, Illinois and will then and there present the *Second and Final Fee Application of Freeborn & Peters LLP as Special Counsel to the Chapter 7 Trustee and Request for Approval of Shortened Notice*, a copy of which is attached hereto and herewith served upon you.

Dated: March 7, 2016

**GINA B. KROL, NOT INDIVIDUALLY BUT AS CHAPTER 7 TRUSTEE OF THE ESTATE OF MCK MILLENNIUM CENTRE PARKING, LLC**

By: /s/ Shelly A. DeRousse
    One of Her Attorneys

Shelly A. DeRousse
Devon J. Eggert
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone: 312.360.6000
Facsimile: 312.360.6520

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| MCK MILLENNIUM CENTRE PARKING, LLC, | ) ) | Honorable Jacqueline P. Cox |
| | ) | Case No. 12 B 24676 |
| Debtor. | ) | |
| | ) | Hearing: March 23, 2016 at 9:30 a.m. |
| | ) | |

### **CERTIFICATE OF SERVICE**

I, Shelly A. DeRousse, an attorney, hereby certify that on March 7, 2016, I caused a true and correct copy of the foregoing *Notice of Motion* and *Second and Final Fee Application of Freeborn & Peters LLP as Special Counsel to the Chapter 7 Trustee and Request for Approval of Shortened Notice* be filed with the Court and served upon the following parties by the manners listed.

/s/ Shelly A. DeRousse

### **Service List**

#### **CM/ECF Service List**

| | |
|---|---|
| Barry A. Chatz | bachatz@arnstein.com |
| William J. Choslovsky | wchoslovsky@ngelaw.com |
| Thomas J. Dillon | mcfaddendillonlaw@ameritech.net |
| John E. Gierum | jgierum@7trustee.net |
| Jonathan D. Golding | jgolding@goldinglaw.net |
| Richard N. Golding | rgolding@goldinglaw.net |
| E. Philip Groben | pgroben@cohenandkrol.com |
| Michael Kraft | mike@mkraftlaw.com |
| Gina B. Krol | gkrol@cohenandkrol.com |
| Kevin H. Morse | khmorse@arnstein.com |
| Wendy Kaleta Skrobin | wkslaw@ameritech.net |
| Jeffrey Snell | jeffrey.snell@usdoj.gov |

#### **U.S. Mail Service List**

AT&T
Attn: Bankruptcy Dept.
5407 Andrews Highway
Midland, TX 79706

Bank of America Merchant Services
150 North College Street, 15th Fl.
Charlotte, NC 28202

Cataldo Family Enterprises
1300 Woodfield Rd.
Schaumburg, IL 60173

Cintas
5600 West 73rd Street
Chicago, IL 60638

ComEd
Bankruptcy Dept.
P.O. Box 87522
Chicago, IL 60680

Cook County Treasurer
118 N. Clark St., Suite 112
Chicago, IL 60602

Midwest Industrial Lighting
919 West 38th Street
Chicago, IL 60609

Millennium Real Estate Managers
33 West Ontario Street
Chicago, IL 60610

Office of the U.S. Trustee
219 S. Dearborn St. Room 873
Chicago, IL 60604

Otis Elevetor
1 Farmspings
Farmington, CT 06032

PNC BANK
PO BOX 94982
CLEVELAND, OHIO 44101

Stahl Cowen Crowley Addis LLC
55 W Monroe Street, suite 1200
Attn: Kevin Hunt, Esq.
Chicago, IL 60603-5001

Standard Parking
900 N. Michigan Ave.
Ste. 1600
Chicago, IL 60611

State Street Investments
C/O Joseph Khoshabe
1919 S. Highland Ave. Suite D 124
Lombard, IL 60148

Sudler Management, Facility Manager under OREA
120 S Riverside Plaza Ste 1200
Chicago, IL 60606

Titan Electronics, Inc.
614 W Monroe Street Lobby 3
Chicago, IL 60661-3657

Traffic & Parking Control Co., Inc.
5100 W Brown Deer Road
Brown Deer, WI 53223

United Central Bank
c/o Kevin V Hunt
Stahl Cowen Crowley Addis LLC
55 W Monroe St, Suite 1200
Chicago, IL 60603

United Realty and Development
C/O Joseph Khoshabe
1919 S. Highland Ave. Suite D 124
Lombard, IL 60148

Victor Supply Co.
1721 West Grand Avenue
Chicago, IL 60622

William Marovitz
The Marovitz Group
628 N State
Chicago, IL 60654

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | Chapter 7 |
| | ) | |
| IN RE: | ) | Honorable Jacqueline P. Cox |
| | ) | |
| MCK MILLENNIUM CENTRE PARKING, LLC, | ) ) | Case No. 12 B 24676 |
| | ) | Hearing: March 23, 2016 at 9:30 a.m. |
| Debtor. | ) | |

**SECOND AND FINAL FEE APPLICATION OF FREEBORN &
PETERS LLP AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE
AND REQUEST FOR APPROVAL OF SHORTENED NOTICE**

Freeborn & Peters LLP ("*F&P*") as special counsel to Gina B. Krol (the "*Trustee*"), the duly appointed Chapter 7 trustee for the estate of MCK Millennium Centre Parking (the "*Debtor*"), submits this application (the "*Fee Application*"), for entry of an order: (a) for allowance and final approval of $289,236.00 in compensation for legal services rendered by F&P to the Trustee for the period of April 9, 2014 through March 24, 2016 (the "*Fee Application Period*"), and reimbursement of $2,913.02 for actual and necessary expenses incurred by F&P during the Fee Application Period, (b) authorizing the Trustee to pay F&P compensation and reimbursement of expenses in the aggregate amount of $86,335.48, representing all unpaid amounts owing to F&P, and (c) approving the shortened notice requested herein. In support of this Fee Application, F&P states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to sections 1334 and 157(a) of title 28 of the United States Code and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code. Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.

2. The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*").

## BACKGROUND

### I. General Case Background

3. On June 19, 2012 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*").

4. On September 24, 2012, the Court appointed the Trustee as chapter 11 trustee of the Debtor's estate.

5. On September 10, 2013, the Court entered an order converting the case to a case under chapter 7 of the Bankruptcy Code.

6. On September 11, 2013, the U.S. Trustee appointed the Trustee as chapter 7 trustee for the Debtor's estate.

### II. F&P's Retention as Special Counsel to the Trustee

7. On January 1, 2015, the Court entered an order (the "*Special Counsel Order*") approving F&P as special counsel to the Chapter 11 trustee relating to the prosecution of certain causes of actions against third parties, effective as of April 9, 2014, the date attorney Shelly A. DeRousse move her practice to F&P. Ms. DeRousse had previously been appointed by the Court to represent the Trustee at a different firm.

8. On June 30, 2015, the Court entered an order granting F&P $205,549.00 in fees and $264.54 in expenses for the period of April 9, 2014 through May 31, 2015.

2

9.    As of the date of this Motion, F&P has received payments totaling $205,813.54.

### III.   The Settlement Motion and the Motion to Dismiss

10.   On March 4, 2016, the Trustee filed a motion (the "*9019 Motion*") to approve a settlement between the Trustee, the Debtor, Hanmi Bank f/k/a United Central Bank f/k/a Mutual Bank (the "*Lender*"), and certain guarantors – Joseph Khoshabe, C.A. Cataldo, Robert Cataldo, William Marovitz (collectively, the "*Guarantors*"), whereby the Guarantors agreed to immediately pay agreed amounts due and owing to the Lender, the Debtor's creditors, and the Trustee and her counsel in exchange for certain releases and dismissals of litigation, including the above-referenced adversary proceedings and a state court proceeding between the Guarantors, the Debtor, and the Lender. *See* Docket No. 221. The 9019 Motion is scheduled for presentment on March 24, 2016.

11.   Also on March 4, 2016, the Trustee filed a motion to dismiss (the "*Motion to Dismiss*") the Debtor's bankruptcy case in light of the above-referenced settlement. *See* Docket No. 222. The Motion to Dismiss is also scheduled for presentment on March 24, 2016.

### RELIEF REQUESTED

12.   This Fee Application reflects services rendered, and expenses incurred, by F&P as special counsel to the Trustee from April 9, 2014 through March 24, 2016, the Fee Application Period. This request represents F&P's second and final request for allowance of compensation and reimbursement of expenses for services rendered as special counsel to the Trustee. For the Fee Application Period, F&P seeks final approval and payment of compensation in the amount of $289,236.00 in hourly fees and reimbursable expenses in the amount of $2,913.02.

13.   Included in the hourly fees, F&P also requests approval of estimated fees totaling $3,280.00, representing an estimated 8 hours at Ms. DeRousse's hourly rate of $410.00 for appearing at the hearing on this Fee Application, the hearings on the 9019 Motion and the

3

Motion to Dismiss, corresponding with the various creditors, settlement counterparties and the Trustee, and the estimated time required to coordinate the disbursement the settlement proceeds to creditors. Thus, F&P requests final approval and allowance of $289,236.00 in fees and $2,913.02 in expenses, for a total of $292,149.02.

14. F&P has not previously sought approval of fees and expenses incurred for the period of June 1, 2015 through March 24, 2016. A detailed schedule of the services rendered and expenses incurred by F&P during this time period is attached hereto as <u>Exhibit A</u>.[1]

### DISCUSSION

15. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

[T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

16. The Seventh Circuit Court of Appeals has stated that:

The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986). Additionally, other courts of appeal have recognized that:

---

[1] F&P incorporates by reference the billing statements attached to its previously filed interim fee application identified as Docket No. 212.

4

> [I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

17.  In reviewing the Fee Application, the Court should be guided by the Seventh Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

> [I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts.")

18.  In *Continental Securities*, the Seventh Circuit found error in the lower court's practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, LEXIS). *Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

19.  In evaluating the Fee Application, the Court should consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the

5

preclusion of other employment caused by F&P's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

20. No agreement or understanding exists between F&P and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.

21. F&P reserves the right to correct, amend, or supplement this Fee Application, including, without limitation, to seek payment in the event this Fee Application is not approved in full.

**SERVICES PERFORMED**

22. This Fee Application sets forth in detail the work performed by F&P as special counsel to the Trustee.

23. During the Fee Application Period, F&P has reviewed documents, investigated potential claims of the estate, and prosecuted various adversary proceedings related to transfers which were made to or for the benefit of the Debtor's insiders, including *Krol v. United Financial Leasing Corp.*, Case No. 13-A-00960 ("*UFL Case*"), *Krol v. MCK Millennium Centre Retail, LLC*, Case No. 13-A-00961 ("*Retail Case*"), and *Krol v. Key Bank Real Estate Capital*, Case No. 14-A-00392 ("*Key Bank Case*" and with the UFL Case and Retail Case, the "*Adversary Proceedings*"). Collectively, these Adversary Proceedings sought to recover millions of dollars in pre-petition transfers. All of the defendants in the Adversary Proceedings vigorously opposed the litigation. F&P has also advised the Trustee on other claims and adversary proceedings, including *Krol v. Maria Pappas, not individually but as Cook County Treasurer*, Case No. 14-A-

6

00388 ("*Cook County Case*"), which was subsequently resolved due to F&P's input and investigation of the claims.

24. Furthermore, F&P, on behalf of the Trustee, negotiated the resolution of the Adversary Proceedings and two other adversary proceedings – *Krol v. Kraft Law Office et al.*, 14-00389, and *Krol v. Noble Law Group, LLC et al.*, 14-00390. This resolution is more fully discussed in the pending 9019 Motion.

25. F&P's retention application and the Special Counsel Order provide that F&P shall charge an hourly rate for the hours actually expended by each assigned professional at each professional's hourly billing rate. For convenience, F&P recorded the fees incurred in three different matters: (1) general investigation of insider transfers, UFL Case, and Retail Case, and all other issues, (2) Key Bank Case, and (3) Cook County Case. A summary of the compensation requested herein on behalf of the Trustee for the hourly fees incurred is set forth below:

| 1 | Title | Year of IL Bar Admission | Hours | Total |
|---|---|---|---|---|
| Shelly DeRousse | Partner | 2001 | 147.90 | $ 59,549.00 |
| Devon Eggert | Partner | 2006 | 56.40 | $ 20,881.00 |
| Steven Hartmann | Partner | 1983 | 1.50 | $ 817.50 |
| Jacqueline Hazdra | Paralegal | N/A | 17.90 | $ 3,590.50 |
| Elizabeth Janczak | Associate | 2010 | 53.60 | $ 15,606.00 |
| Kathryn Sheldon | Paralegal | N/A | 0.50 | $ 122.50 |
| Eric Stadel | Litigation Support | N/A | 1.00 | $ 235.00 |
| Alex Schiller | Litigation Support | N/A | 0.60 | $ 141.00 |
| | | | **279.40** | **$ 100,942.50** |

| 2 | Title | Year of IL Bar Admission | Hours | Total |
|---|---|---|---|---|
| Shelly DeRousse | Partner | 2001 | 59.70 | $ 23,903.00 |
| Devon Eggert | Partner | 2006 | 85.20 | $ 31,524.00 |

7

| 2 | Title | Year of IL Bar Admission | Hours | Total |
|---|---|---|---|---|
| Steven Hartmann | Partner | 1983 | 186.00 | $ 101,370.00 |
| Jacqueline Hazdra | Paralegal | N/A | 16.30 | $ 3,260.00 |
| Elizabeth Janczak | Associate | 2010 | 21.80 | $ 6,322.00 |
| Lauren Berheide | Associate | 2010 | 4.50 | $ 1,305.00 |
| Salvador Carranza | Associate | 2007 | 30.40 | $ 10,184.00 |
| Cathleen Franczyk | Paralegal | N/A | 0.60 | $ 147.00 |
| Garry Wills | Partner | 2003 | 3.90 | $ 1,482.00 |
| Shira Isenberg | Senior Counsel | 2003 | 2.20 | $ 858.00 |
| Amy Swano | Litigation Support | N/A | 0.70 | $ 178.50 |
| **2** | | | **411.30** | **$ 180,533.50** |

| 3 | Title | Year of IL Bar Admission | Hours | Total |
|---|---|---|---|---|
| Shelly DeRousse | Partner | 2001 | 11.20 | $ 4,480.00 |
| **3** | | | **11.20** | **$ 4,480.00** |

| *Grand Total* | | | *Hrs* | *Total* |
|---|---|---|---|---|
| Shelly DeRousse | Partner | 2001 | 218.80 | 87932.00 |
| Devon Eggert | Partner | 2006 | 141.60 | 52405.00 |
| Steven Hartmann | Partner | 1983 | 187.50 | 102187.50 |
| Jacqueline Hazdra | Paralegal | N/A | 34.20 | 6850.50 |
| Elizabeth Janczak | Associate | 2010 | 75.40 | 21928.00 |
| Lauren Berheide | Associate | 2010 | 4.50 | 1305.00 |
| Salvador Carranza | Associate | 2007 | 30.40 | 10184.00 |
| Cathleen Franczyk | Paralegal | N/A | 0.60 | 147.00 |
| Kathryn Sheldon | Paralegal | N/A | 0.50 | 122.50 |
| Eric Stadel | Litigation Support | N/A | 1.00 | 235.00 |
| Alex Schiller | Litigation Support | N/A | 0.60 | 141.00 |
| Garry Wills | Partner | 2003 | 3.90 | 1482.00 |
| Shira Isenberg | Senior Counsel | 2003 | 2.20 | 858.00 |
| Amy Swano | Litigation Support | N/A | 0.70 | 178.50 |
| **Total Time** | | | **701.90** | **$ 285,956.00** |

8

26. F&P also requests approval of estimated fees totaling $3,280.00, representing an estimated 8 hours at Ms. DeRousse's hourly rate of $410.00 for appearing at the hearing on this Fee Application, the hearings on the 9019 Motion and the Motion to Dismiss, corresponding with the various creditors, settlement counterparties and the Trustee, and the estimated time required to coordinate the disbursement the settlement proceeds to creditors.

27. In sum, F&P requests allowance and approval of compensation totaling $289,236.00 for 709.9 hours of services during the Application Period.

## REASONABLE EXPENSES INCURRED

28. F&P seeks final approval of reimbursable expenses in the amount of $2,913.02 F&P incurred expenses during the Fee Application Period in the following categories:

(a) <u>Photocopying</u>: F&P incurred copying and printing charges in the amount of $164.80 ($134.30 for Matter 1, $9.50 for Matter 2, and $21.00 color copies Matter 2), relating to large copy jobs necessary in the course of the representation. F&P charges clients $0.10 per copy and maintains a record of in-house copies made through a computerized system. This procedure requires an operator to key in a client's code number on a keypad attached to the copier. For very large projects, F&P uses outside copy services for purposes of efficiency and charges amounts actually incurred.

(b) <u>Postage and Delivery</u>: While F&P occasionally served documents to the parties in interest in the bankruptcy estate by mail, the firm did not charge for postage during the Application Period. It incurred $140.53 in local messenger delivery and $14.69 in Air Express Delivery, delivering documents to opposing counsel and the Trustee.

(c) <u>Mediator Fees</u>: F&P incurred $2,000.00 in mediator fees paid to Ronald Barliant of Goldberg Kohn, Ltd. who served as mediator in the UFL Case, Retail Case, and the adversary against Kraft Law Office and Michael Kraft.

9

(d)  Court Reporter Fees:  F&P incurred $295.00 in court reporter fees associated with ordering a hearing transcript in connection with an appeal in the Key Bank Case.

(e)  Filing Fees:  F&P incurred $298.00 in filing fees associated with a notice of appeal filed in the Key Bank Case.

29. All expenses incurred by F&P in connection with its representation of the Trustee were ordinary and necessary expenses. These expenses were billed in the same manner as F&P bills non-bankruptcy clients.

30. F&P does not bill its clients or seek compensation in this Fee Application for certain overhead expenses, such as Westlaw, local and long-distance telephone calls, secretarial services, and facsimile transmissions. Such expenses are factored into F&P's hourly rates. F&P has not included certain other charges described herein in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately.

## BENEFIT TO THE ESTATES

31. During the Fee Application Period, F&P assisted the Trustee in investigating claims and filing and prosecuting insider avoidance actions in order to maximize the value of the Debtors' estates for the benefit of creditors. F&P further assisted the Trustee in negotiating a settlement which fully resolved the various adversary proceedings and provides for payment in full to the Debtor's pre-petition creditors, but for the Debtor's secured lender which has agreed to other treatment. F&P submits that its services on behalf of the Trustee provided a substantial benefit to the Debtor's estate and its creditors.

## NOTICE

32. F&P will serve notice of this Fee Application on counsel for the Debtors, the U.S. Trustee, the Trustee, all creditors on the Debtor's creditor matrix, as well as parties that have

requested notice in these cases. Bankruptcy Rule 2002(a)(6) requires twenty-one days' notice of applications for compensation to all creditors. However, the Trustee has filed a motion to dismiss the Debtor's bankruptcy case in light of the settlement between the Trustee, the Debtor, the Debtor's guarantors, and the Debtor's secured lender. That motion is scheduled for presentment on March 24, 2016. The parties' settlement requires all of F&P's attorneys fees to be paid prior to the dismissal of the bankruptcy case. Accordingly, F&P seeks final approval of its fees and costs prior to the anticipated dismissal of the Debtor's bankruptcy case and F&P submits that cause exists to shorten the 21-day notice period and F&P requests that the Court approve the shortened notice requested herein.

**WHEREFORE**, F&P respectfully requests that the Court enter an order:

(a) Allowing F&P, on a final basis, $289,236.00 in compensation for the Fee Application Period as chapter 7 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(b) Allowing F&P, on a final basis, $2,913.02 in reimbursable expenses for the Fee Application Period as chapter 7 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(c) Authorizing payment to F&P of $86,335.48, representing all unpaid amounts owing to F&P on account of the Final Fee Application Period;

(d) Approving the shortened notice of this Fee Application as requested herein; and

(e) Granting such other and further relief as the Court deems just and proper.

11

|  |  |
|---|---|
| Dated:  March 7, 2016 | **FREEBORN & PETERS LLP** |
|  | By:    /s/ Shelly A. DeRousse         <br>One of Its Attorneys |
|  | Shelly A. DeRousse<br>Devon J. Eggert<br>FREEBORN & PETERS LLP<br>311 South Wacker Drive, Ste. 3000<br>Chicago, Illinois 60606-6677<br>Telephone: 312.360.6000<br>Facsimile:  312.360.6995<br>sderousse@freeborn.com<br>deggert@freeborn.com |
|  | *Special Counsel to the Chapter 7 Trustee* |