UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| MCK MILLENNIUM CENTRE PARKING LLC | ) | Case No. 12-24676-JPC |
| | ) | |
| | ) | Hon. JACQUELINE P. COX |

**TRUSTEE'S FINAL APPLICATION FOR**
**COMPENSATION FOR**

TO:   THE HONORABLE JACQUELINE P. COX

NOW COMES GINA B. KROL, Trustee herein, pursuant to 11 U.S.C. §330, and requests $343,422.64 as compensation, $283,422.64 amount of which has previously been paid, leaving a balance due of $60,000.00.

### I. COMPUTATION OF COMPENSATION

During her tenure herein, the Trustee has made total disbursements to parties in interest, excluding the Debtor, but including holders of secured claims in the amount of $10,672,451.22. Pursuant to 11 U.S.C. §326, compensation should be computed as follows:

| | | |
|---|---|---|
| 25% of the First $5,000.00 | $1,250.00 | ($1,250.00 max.) |
| 10% of next $45,000.00 | $4,500.00 | ($4,500.00 max.) |
| 05% of next $950,000.00 | $47,500.00 | ($47,500.00 max.) |
| 3% of balance | $ 290,172.64 | |
| TOTAL COMPENSATION | $343,422.64 | |
| Less: | (283,422.64) | Paid to Date |
| BALANCE DUE TRUSTEE | $60,000.00 | |

### II. BACKGROUND

1.   An order for relief under Chapter 11 was entered on June 19, 2012. On, September 24, 2012 an order was entered appointing Gina B. Krol as the Chapter 11 Trustee herein, Pursuant to an Order of this Court, this case was converted to a Chapter 7 petition on September 10, 2013.

2. During her tenure as Chapter 11 Trustee, Gina B. Krol operated the Debtor's business of a parking garage located at 33 W. Ontario St., Chicago, IL. The Trustee's operation of this business enterprise continued until the garage was sold on June 11, 2013.

3. United Central Bank is the sole secured creditor in this matter and the appointment of the Chapter 11 trustee and subsequent conversion to Chapter 7 was done at the request of and in coordination with United Central Bank.

4. Pursuant to prior Order of this Court, the Trustee has previously turned over the sum of $6,081,621.77 to United Central Bank representing the net proceeds from the sale of the garage. This turnover only partially satisfied the claim on United Central Bank. Further, pursuant to accompanying motion, the Trustee is settling all claims in the Estate by receiving sufficient funds to pay all administrative expenses and creditors in full.

5. The Debtor, the Trustee, the Guarantors and United Central Bank have reached a Settlement which provides, in part, that all claims against the estate shall be paid in full, mutual releases will be exchanged and the Bankruptcy Case will be dismissed.

6. The Settlement will be funded by remaining funds currently on hand with the Trustee and by additional contributions from the guarantors currently.

7. The compensation requested herein is being brought pursuant 11 U.S.C. §329 as said compensation is reasonable and was necessary to preserve and dispose of the assets of this Estate. Further, the services rendered by the Trustee for which she seeks compensation directly benefited all creditors of this Estate, said creditors now having been paid in full.

8. The fees sought by the Trustee herein have been previously agreed to by the parties.

### III. SERVICES RENDERED

9. A description of the nature of the services rendered by the Applicant is as follows:

<u>BANKING</u>

The Trustee established and maintained the Estate bank accounts at Private Bank. She reconciled the accounts monthly and verified all transactions regularly.

### BONDING COMPANY

The Trustee obtained her required Chapter 11 through International Sureties, Ltd. As required she communicated with the bonding company regarding the bond parameters and satisfied the requirements of the United States Trustee.

### BOOKS AND RECORDS

The Trustee sought and obtained the Debtor's pre-petition books and records. The Trustee made demands upon the Debtor and its representatives for the turnover of certain books and records. The Trustee continues to review said books and records as part of her ongoing investigation in this case. Trustee reviewed pre-petition banking and tax records. Trustee also reviewed the Debtor's leases, pending executor contracts and other agreements including the Reciprocal Easement Agreement to which it was a party.

### CLAIMS

The Trustee directed her attorneys to prepare a motion to establish a claims bar date and reviewed said motion.

### COMPENSATION

The Trustee reviewed the compensation requested by Elliott & Associates which were retained to act as special counsel for the purpose of reducing the Debtor's real estate taxes. The Trustee reviewed the compensation requested by Alfa Energy which was the Trustee's energy consultants required to determine the nature and extent of the Debtor's electric usage. The Trustee further reviewed the compensation requested by Richard Patinkin who was retained as special counsel to the Trustee to represent her in the real estate sales transaction.

### GENERAL ADMINISTRATION

As part of the general administration of the Estate, the Trustee fielded daily phone calls from interested parties needing case status. She worked with her accountant to obtain the requisite information to prepare the Estate's income tax returns, and she communicated with the United States Trustee to respond to his inquiries.

LITIGATION

The Trustee has engaged her attorneys to review the Debtor's records to determine the extent of any preferential and/or fraudulent transfers to be brought against third parties. The Trustee has been overseeing the process of issuing subpoenas to said third parties and monitoring the progress of bringing said complaints. The Trustee has also engaged Bank's counsel to act as special counsel to the Trustee to bring preferential and/or fraudulent transfer litigation against insiders. The Trustee has been overseeing that potential litigation as well. She has closely monitored her attorneys during these proceedings. It is the settlement of this litigation which has brought forth the ultimate resolution of the Chapter 7 case and has provided a full payment to all creditors of the Estate.

OPERATING REPORTS

The Trustee reviewed the operating reports prepared by the Debtor before her appointment. After her appointment, the Trustee prepared the required monthly operating reports and paid the quarterly United States Trustee's fees.

OPERATIONS

The Trustee maintained the daily operations of the Debtor's business. She communicated frequently with her representatives at Standard Parking which were onsite. The Trustee received and reviewed the regular reports generated by Standard Parking. The Trustee responded it issues including lighting, security, elevator breakdowns, plumbing emergencies, cleanliness of the facility, snow removal and other day to day concerns with the parking garage. The Trustee regularly met with Standard Parking to review concerns and outline strategies for maximizing the operations. The Trustee met with members of the facilities management to ensure that the garage participated as required and made its timely financial contributions. The Trustee met regularly with members of the condominium board to ensure the she addressed its concerns regarding the business operations. The Trustee maintained regular business budgets and addressed issues regarding payments and other expenditures. The Trustee communicated with the City of Chicago to that it met all compliance requirements to operate within the City and maintain elevators and garage. The Trustee reviewed the Debtor's pre-petition use of electricity and retained an energy

consultant to reduce the electrical usage and to determine whether the Debtor was being properly assessed for its usage by the facilities manager. The tasks represent some but not all of the duties undertaken by the Trustee in her daily operations of the Debtor's business.

### PLAN & DISCLOSURE

The Trustee reviewed the plan of reorganization and disclosure statement filed by the Debtor while the case was in Chapter 11. She discussed these documents with her attorneys and with the United States Trustee.

### PROFESSIONAL EMPLOYMENT

The Trustee oversaw the employment of her general counsel, special counsel employed to reduce the Debtor's real estate taxes, her accountant and special counsel employed to conduct the real estate sales transaction. In addition, the Trustee interviewed real estate brokers from five firms to determine which would be the best suited to represent her in obtaining a purchaser. The Trustee reviewed the information prepared by each brokers' firm and spent time with each firm before coming to a conclusion as to which to retain.

### SALE OF ASSETS

From the onset, the Trustee was aware that this case would result in the sale of the Debtor's business as a going concern. The Trustee oversaw all aspects of the sale and was an integral part in every step of the transaction. The Trustee understood that the Bank wanted the business sold as soon as possible and the Trustee tried to balance that request with obtaining the highest and best price. The Trustee communicated regularly with her brokers to monitor sales strategies and progress. After the Trustee obtained what she perceived and the highest and best offer through her broker, she conducted an auction sale during which she had competitive bidding. After the Court approved the buyer, the Trustee worked closely with her attorney, attorneys for the buyer, attorneys for the Bank and her real estate broker to bring the sale to

consummation. Before the transaction could be closed, the Trustee needed to work with the facilities manager and the condominium board to obtain "true up" accounting for the pre-petition operations as well as the going forward budget. This analysis was crucial to understanding credits to be given at closing. Since this analysis was to have been done well before the filing of the Chapter 11, it became a more difficult process as much of the information was stale. The sale resulted in significant proceeds being paid to United Central Bank.

### SCHEDULES & PETITION

The Trustee reviewed the Debtor's original and amended schedules that were filed in this case.

### TRUSTEE APPOINTMENT

The Trustee reviewed the pleadings filed in this case to ensure that she could serve as Chapter 11 trustee herein. She met with representative of the Bank, the Debtor, the condominium board and the United States Trustee to obtain an understanding of the case. She prepared the required affidavit and reviewed the order appointing her as the Trustee herein.

WHEREFORE, GINA B. KROL, Trustee herein requests that she be awarded Final Trustee Compensation, in the amount of $343,422.64, of which $283,423.64 has previously been paid, resulting in a balance due of $60,000.00, pursuant to 11 U.S.C. §326 and find that said compensation is reasonable directly benefited the creditors of the Estate, and for such other and further relief as this Honorable Court deem proper.

RESPECTFULLY SUBMITTED,
GINA B. KROL, Trustee

Date: March 8, 2016                                    /s/ Gina B. Krol

GINA B. KROL
105 West Madison Street
Suite 1100
Chicago, IL  60602-0000